Good morning. It's a pleasure to sit here in Arizona, in Phoenix. Some of you know we don't have as many arguments here. We're having more. The Ninth Circuit is having more arguments here and I'm just delighted to be able to sit and preside over today's panel and welcome all of you to the Sandra Day O'Connor Courthouse and this special proceedings courtroom which is just beautiful. And it's a pleasure to have Judge Michael Hawkins on on this panel and we're both so happy to welcome our newest colleague to the Ninth Circuit Court of Appeals here today. Would you like to introduce yourself, Judge Johnstone? I'm Anthony Johnstone and I'm coming from Missoula, Montana and very happy to be here back in Phoenix sitting with the Chief and Judge Hawkins. So just comparing the weather to Missoula, Montana and Phoenix, we told them it's normally a little bit more sunshine but maybe you all will bring some sunshine to the arguments today here. So it's a pleasure. This is the time set for six cases. Three have been submitted. The first is an oral argument and it is the Candelizet Ortega versus United States of America and if the parties are ready to proceed, you may please come forward. Good morning. It is indeed a pleasure to have just driven up the road from Tucson rather than to get on a plane to argue elsewhere in the circuit. Good morning and may it please the court and counsel. My name is Amy Krause. I represent Candelizet Ortega and I would like to reserve two minutes of my time for rebuttal. Candy is serving a 10-year sentence for drug trafficking because the district court judge found that she did not qualify for the safety valve relief from the mandatory minimum sentence. We know that the district court judge reached a legal conclusion that Candy's proffer was not truthful or complete but what we don't know is the factual basis for that decision. Didn't he rely upon the pre-sentence report? He did, your honor. He wasn't there factual information in the PSR? There was factual information in the PSR. Which was revealed to your side of the case before the judge relied on it? Indeed, there were at least five filings by the party. And your client had the opportunity to correct what was in the PSR factually? Your honor, there was a factual dispute that existed up until the moment that the sentence was pronounced in this case and that the nature of the dispute, the facts were vast. They covered many different topics and they were unresolved up until the time of sentencing. When the district court judge imposed the sentence, he made only broad conclusory comments. He said, for example, that Candy wasn't willing to provide the government with all the information that she knew, that she portrayed herself as a victim. He said the record is replete with evidence that she knew more than she was any part of the record that supported these conclusions. Ms. Krause, what efforts did you make or your client make to correct any discrepancies you saw in the record up until the final pronouncement of the sentence? Defense counsel filed objections to the pre-sentence report that challenged the factual assertions that were made therein. There was a sentencing memorandum. There was arguments of counsel. But as I said, up until the very moment that the sentence was pronounced, it was not clear what the judge was going to find or on what basis. And as this court knows, the requirement to provide a statement of reasons is well established. It's in statute 18 U.S.C. 3553C. It's in Federal Rule of Criminal Procedure 32. And the case law is very clear that significant procedural error occurs when the district court fails to adequately explain its sentencing decision. What's missing from the decision? What would you add? Facts. Which facts? Any facts. There were none. Saying that the record is ample or the record is incomplete is indistinguishable from other cases in which this court found that the sentencing decision was inadequately explained. Isn't it correct that in those cases the sentencing judge did not rely on the PSR? I don't think that's true as to all of the cases, Your Honor. And the problem is in... What's your best case in which a sentencing judge did exactly what Judge Henderaker did here, and that is refer to the PSR? The judge here did not just refer to the PSR, Your Honor, and that's part of the problem. There were five different memoranda that were filed. And if you have to look at the sentencing record below, which obviously you do, I think what you come out with is saying, we're going to guess at what the district court judge was thinking. And in Rangel-Guzman, this court declined to guess what the district court judge was thinking. And the reason you would have to do that here is I would pose these questions. So, for example, which of the areas of dispute did the district court find that Candy was untruthful about? Which of the areas of dispute did the district court find that her proffer was incomplete about? Did the district court judge agree with some? Was your client unaware that it was the position of the United States government that she had not been completely truthful in her proffer? The government... It is, by the way, her burden to establish eligibility for the safety valve relief, correct? Absolutely. That is correct. And my point, Your Honor, is... So she was unaware that the government believed she was not being truthful about the vehicle she drove down to Mexico or came back with? No, of course, she had to be aware of that because the parties were debating that very fact, even at the sentencing hearing. So was she also aware that the government believed she had not been truthful about the sources of her income? Again, Your Honor, she must have been aware of that, yes, of course. But that's not the problem that I'm identifying here. And I understand, I believe I understand the court's concern. I am trying to address it. The more we talk about the nature of the factual disputes and whether her evidence and the supports the position that the district court judge needed to make a statement of reasons, a more explicit finding of facts. And that's because as you sit here now, how is this court to execute its obligation to meaningfully review the appellate record based on what the judge said? There was a lot of evidence in the record, but we don't know what the district court judge found compelling. And that's the problem. And that's why this court should remand this case so that those questions that you're asking Judge Hawkins can be answered in the record itself. Maybe the judge found that she was untruthful about the number of trips she took to Mexico. And maybe that's a valid basis to deny safety valve relief, but we don't know. That's the same can be said about text messages that were in dispute, the meaning and interpretation of text messages. There was her employment history and what her income was in the summer of 2018 when she took this trip, excuse me, when she took this trip to Mexico. And so the question that I would have is how this court could speculate on the strength of that evidence, but that would be inappropriate and that would be unfair to Candy in terms of meaningful appellate review. We don't know if we don't know if the district court made a credibility determination against Candy. And so without knowing those facts, you would have to do exactly what the court said in Ron Val Guzman, it would not do, which is to guess what the district court was thinking. Well, but doesn't the district court's decision support a reasonable inference here that Ms. Well, as I said, Judge, the problem here is that you don't have de novo review and we don't know if the district court was thinking her proffer. We don't know on the basis on which it found that her proffer was incomplete. For sure, the judge said, and he was tortured by this. You can read this and that it's very clear from the transcript. He was very, well, it seems like a frustration was from, at least from my review and correct me, is that I guess there was some discussion whether or not she could give more information or be more forthcoming on what happened in terms of admitting some of her conduct. And the judge gave her extra time to talk and try work that out. And ultimately, it seems like it's reasonable to infer that he was not satisfied and said as much that she could have been more truthful and she wasn't. I agree with that 100%. He was frustrated. But saying she was untruthful or that her proffer, she wasn't safety valve eligible because he found her proffer to be untruthful or incomplete is a legal conclusion. But we don't have the factual basis for this conclusion that would enable this court to exercise its appellate review of whether that decision making was, whether the district court judge used his discretion appropriately. And that's the problem that... Do you want to reserve the rest of your time? I do. Okay. Thank you so much. Good morning, Your Honors. Terry Chris for the government. May it please the court. Whether a proffer is true or complete is not a legal conclusion. It's a factual conclusion reviewed by this court for clear error. And the district court did not clearly err in making that determination in this case. Nor did the court plainly err in the way it explained the sentence  to support or amend her proffer. So the district court here said which prong of the safety valve statute it had issue with, which was prong five, and then made the finding that the proffer was untrue and incomplete because the defendant tried to minimize her role in the offense, falsely casted herself as a victim and knew more information than she had disclosed to the government. Those are factual findings based on credibility determinations. And those are the findings that this court defers to the district court when making findings. Mr. Chris, how would you help us draw the line between your assertion of failure to preserve the objection to the judge's specificity with respect to the factual grounds for the denial of safety relief? And then the question about the findings themselves. In other words, what are we reviewing? What are you continuing? We should review for plain error and which for clear error? Essentially, the sufficiency of the evidence would be the clear error standard. And whether the judge made an adequate explanation of the record or on the record would be a plain error issue because the defendant could have objected and said, Your Honor, can we please have further elaboration on your reasons? And they did not do so. They didn't give the district court that opportunity. It would be easier to do for us if the judge, the sentencing judge, had detailed the factual problems with the inadequacy of her application for safety valve relief, right? Yes, it might have been a little easier. But how how much effort would it have taken to say it looks like you weren't truthful about the car you drove down there or the car you drove back or your sources of income? He didn't do that, did he? No, he didn't. But he wasn't required to under the law. And under the law, all he had to do was provide an explanation sufficient for appellate review. This court affirms for any ground supported by the record anyway. And in a sufficiency of the evidence context, the question is just whether there was enough evidence to support the district court's conclusion. And that would have been on the clear error standard. So even if the district court had given some reasons on appeal, we could argue the entirety of the record to support that finding anyway. So further elaboration wouldn't really facilitate appellate review that much as it is. There are safety valve relief cases which the Ninth Circuit has sent back for resentencing where the district judge did not rely upon the PSR, correct? You're aware of those cases? Yes, I believe that's correct. I would note one difference between the cases cited by the defense in this case where this court sent the cases back was the court essentially didn't even tell the parties which prong of safety valve the defendant didn't meet eligibility for. Here, the court's very clear it's the proffer that's the problem. The court in some of those cases basically said, I just find no safety valve eligibility without any elaboration. The court here says a lot more than that. And we know that we're focusing on the truthfulness and incompleteness of the proffer and the court's factual finding that the proffer is untrue and incomplete. And that's really all the court needed to do. In the Salazar case cited by the defense in the reply brief, the court notes that a finding of untruthfulness is all the court really has to do. So anything beyond that is basically icing on the cake. It's helpful, but it's not legally required, and it's not a basis for reversal. Does this defendant have a prior record? Not to my knowledge. Reading the transcript of the sentencing, one gets the impression that the defendant was surprised by the outcome. Is that correct? She says that. Am I correct in reading the transcript that way? At sentencing, she does express surprise. And would that suggest she wasn't adequately prepared for sentencing? No. The defense counsel says at sentencing that they had a meeting with the government to discuss the proffer. And it's worth noting that earlier at the first sentencing hearing, the court said that it was going to continue sentencing for 30 days to give her a chance to amend her proffer. So the court's decision to continue, wanting her to amend the proffer, plus the meeting that the government had with defense counsel, would have given her the notice she needs. I don't know why she expressed a surprise at sentencing, but she was given adequate notice that there was something wrong with her proffer. And she had adequate opportunity to defend that proffer or to amend it. Her counsel makes arguments before the sentencing, presents evidence at the sentencing and makes arguments. And then at allocution, the district court gives her an opportunity to say anything she wants regarding the sentence, and she did not take the court up on that offer. Who represented her at sentencing? You know, the counsel's name escapes me, I'm afraid. But it's certainly in the record. Okay. So the court gives the adequate opportunity. It wasn't Ms. Krause, correct? No. So the court gives an adequate opportunity. The court gives an explanation. And ultimately, the decision was not clearly erroneous. What about the request or the alleged request for evidentiary hearing? I don't read any such request in the record. The defense in the objection to the pre-sentence report makes a passing reference that defendants can testify. And at sentencing, defense counsel says that the defendant could say things that could help her proffer seem more truthful, but they never explicitly request an evidentiary hearing. And right after making that reference to the defendant testifying, she gets up and speaks at allocution. And there's no objection that we want a more formal evidentiary hearing, this isn't good enough. Evidentiary hearings are not required by right at sentencing. And all the district court needs to do is provide a reasonable opportunity for the defendant to present evidence. And that reasonable opportunity certainly exists in this case. And so we review that for plain error? Yes, because there was no objection. It was not preserved. So is there anything about, I guess, the district court's problem with the proffer rests more on omissions rather than positive untruths. And so it does make it a little difficult to assess this, because there's an infinite number of things that are excluded from the proffer. And without some detail about which particular aspects of that proffer are creating the problem, can you see that that does put Ms. Ortega in a difficult position to counter that? Well, I respectfully disagree that the court didn't find positive falsehoods. The court says that the defendant tried to cast herself as a victim, and that she had more knowledge than she said she did. And those are untruths. Frankly, the entire thrust of the proffer was that she had not made an agreement to transport these drugs, notwithstanding pleading guilty to conspiracy, and that it was the passenger, Cuevas, who had essentially masterminded the whole thing. And frankly, none of that's true. There's lots of evidence in the record to contradict that, from Cuevas' own text messages expressing dissatisfaction with being in Mexico with, quote, Candy's friends and the drugs and cartels, from the fact that it's just facially implausible that a drug trafficking organization would load $200,000 of product into a car without letting the driver know, or having any plan to recover those drugs in the United States. She admits in the proffer that Cuevas doesn't know where she lives in the United States with her mother, so how are the cartels going to get those drugs back? So you think this turns on much more than just how'd you buy the car? Correct. The entire proffer is patently untrue, frankly. And so it's not just omissions. It's affirmative false statements. It's the fact that she has no credibility because she's told three different versions of the story. And while it's true that prior false statements do not automatically disqualify a proffer, they are certainly relevant to assessing credibility. The district court made a credibility finding here. The court said she was untruthful, and that is it's the district court in the better position to assess credibility. So no, I don't think this is just a gotcha over one mistrip to Mexico. It's a broader disbelief in the entire thrust of the proffer, and that is supported by the facial implausibility of the proffer, by the prior false statements of the defendant, internal contradictions in the proffer, external contradictions to other evidence, and then omissions of a few things that the government does know that the defense should have known, such as the phone number of Eli. She says in the proffer, Eli gave me his phone number. Well, we don't have it. What was the plan to get the drugs back afterwards? There are lots of things about her story she doesn't give. And finally, I would say that even her explanation for why she supposedly lied before doesn't make sense because the photo of her ID card wouldn't have had her address in it because she lives with her every piece of this proffer is untrue and inconsistent. If the court has no further questions, we would respectfully request and affirm the sentence. Thank you. Thank you, Mr. Christ. Thank you. And very briefly, Mr. Christ makes the point when he argues that list of evidence that was presented to the district court that showed that Candy was untruthful. What it shows you is there was a lot of evidence before the court. It was contested. Every aspect of that evidence was contested, and the district court didn't resolve the factual dispute at all. Ms. Krauss, could you speak to the plain error question and the scope of whatever objections might be preserved before us? Sure. This court's review is for plain error because defense counsel who she was represented by the Federal Public Defender's Office in Tucson, by the way. Sorry. Is that me? Thank you. Try it now. Go ahead. This court's review is for plain error, but the plain error decision goes to, is the district court's fact-finding. Safety valve statute was enacted back in 1994. In 1996, when it was still kind of being worked out in the courts and interpreted in the courts, this court decided Real Hernandez. And in that case, the court said and has held ever since that in the safety valve context, the district court must give reasons for accepting or rejecting a safety valve proffer. That didn't happen in this case. So the plain error review is to that error, whether the district court said its statement of reasons, set forth and made an adequate record that would enable this court to review its decision. That error is plain for the reasons that I described before. It's in the having to make a statement of reasons and adequately explain the record is in statute. It's in the rules of criminal procedure. It's in the case law. It's procedural error not to adequately explain the sentencing decision. It was substantial. It affected her rights. And we know that the district court judge would not have imposed the mandatory minimum had he found that safety valve applied. And for those reasons, I would ask this court to remand this matter so that the correct record can be made and then this court can cross. Mr. Chris, thank you very much. The case of Candy, Lizette or Vega versus United States of America is now submitted.
judges: MURGUIA, HAWKINS, JOHNSTONE